STATE *v.* ASA AVERY.

*Criminal Law. Indictment. Demurrer. Sec.* 31, *Chap.* 113, *Gen. Stats. Practice.*

The respondent was indicted under § 31 of ch. 113, Gen. Stats., for removing and carry-
ing away one saw-mill saw, which the indictment alleged to be part of the machinery
of a certain water saw-mill. The respondent demurred. *Held* that the demurrer admits
the allegation that the saw is part of the machinery, as alleged.

The respondent having appealed to the supposed knowledge of the court for proof that
the saw is not a part of the machinery of the mill, the court *held* that it was.

INDICTMENT against the respondent as follows :

That Asa Avery of Braintree, in said county, on the 2nd day
of May, A. D. 1871, at Randolph, in said county, with force and
arms, one saw-mill saw, of the value of fifteen dollars, the prop-
erty of one John Bullard, which said saw was then and there a
part of the machinery of a certain water saw-mill, the property
of the said John Bullard there situate, then and there wilfully and
maliciously did remove and carry away from said mill, contrary
to the form of the statute in such case made and provided and
against the peace and dignity of the State.

To this indictment the respondent demurred.

The court at June term, 1871, PECK, J., presiding, adjudged
the indictment sufficient, to which the respondent excepted.

*Hebards*, for the respondent.

*N. L. Boynton*, State's Att'y, for the State.

The opinion of the court was delivered by

REDFIELD, J. The respondent is indicted under the 31st sec.
of ch. 113 of the General Statutes, for " removing and carrying
away one saw-mill saw, which was then and there a part of the
machinery of a certain water saw-mill," &c., to which the respon-
dent demurred, and his counsel claim that the *saw* must be held
and adjudged not to be " a part of the machinery."

It is averred to be *a part of the machinery;* and this is admitted by the demurrer, and upon this issue of law, the indictment averring an offense within the statute, and the respondent admitting it on the record, the judgment of guilty must be awarded.

But the counsel of the respondent has appealed to the supposed knowledge that the court may have of the construction of a sawmill for proof that the averment that the " saw was a part of the machinery" *is not true.* And the court have brought to the service of the respondent such knowledge, scientific and practical, as they possess in mechanics; and we think that the saw in a saw-mill is a part, and quite an essential part, of the machinery. The power is applied at the wheel, and the saw at the objective point does the work. Without the wheel, no power could be applied; without the saw, the *power* could do no *work.* The one is as indispensable as the other. The mower and reaper, without the *knives,* and the saw-mill without the *saw,* would be the play of Hamlet with Hamlet left out.

On motion of the respondent the judgment of the county court is *pro forma* reversed and cause remanded.